UNITED STATES DISTRICT COURT
Northern District of Florida
Gainesville Division

STEVEN MARTINS,

                    Plaintiff,

v.                                                   Case No. 1:08-cv-00212-MP-AK

UNITED STATES OF AMERICA,

                    Defendant.
_____   _____   ____/

## PLAINTIFF'S REPLY TO UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff hereby replies to the United States' opposition to plaintiff's motion for final summary judgment against defendant, as authorized by Federal Rule of Civil Procedure 56.

### A. Introduction

1.  Plaintiff filed his motion for final summary judgment [24] on July 10, 2009.

2.  Plaintiff based his motion on the AFFIDAVIT OF STEVEN MARTINS, with attached **Plaintiff's Exhibits 1 through 3**. In the motion, plaintiff referenced PLAINTIFF'S CONCISE STATEMENT OF MATERIAL FACTS AS TO WHICH PLAINTIFF CONTENDS THERE EXISTS NO GENUINE ISSUE [25], and provided a memorandum in support.

3.  Defendant filed its memorandum in opposition [26] to the motion on July 22, 2009.

Filed0803'09UsDcFln1AM1139                                                      1

4. Defendant did not produce any competent fact witnesses or authenticated documentary evidence to dispute the facts stated in the AFFIDAVIT OF STEVEN MARTINS.

5. Defendant did not dispute most of the facts stated in AFFIDAVIT OF STEVEN MARTINS.

6. Plaintiff will herein explain why substantially no material facts are reasonably in dispute, and why defendant's numerous straw man arguments and conclusions of law are not correct, and provide the court with an expanded memorandum of law focusing on the issues of law that the defendant argues in its defense.

## B. Argument

**Regarding the material facts:**

7. Regarding PLAINTIFF'S CONCISE STATEMENT OF MATERIAL FACTS AS TO WHICH PLAINTIFF CONTENDS THERE EXISTS NO GENUINE ISSUE [25], the

defendant did not dispute the following statements of material fact:

(1) During the years 2003 through 2007 Steven Martins ("Martins") received pay from United Parcel Service ("UPS") in exchange for his work as a delivery driver.

(2) UPS is a private sector company, which is not owned or operated on behalf of the United States.

(3) UPS reported Martins' pay as "wages" to the IRS on the Form W-2 for each of the years 2003 through 2007.

(5) The IRS relied on the information on the Forms W-2 that it received from UPS to create an accounting of federal tax liabilities in an IRS transcript of account for Martins for each of the years 2003 through 2007.

(6) Martins filed his claim for refund with the IRS for each of the years 2003 through 2007, with a Form 4852 incorporated as part of each of these returns,

2

as demonstrated by **Plaintiff's Exhibit 1**, which is Martins' returns for the years 2003 through 2007.

(7) On the Form 4852, Martins disputed the third party reporting by UPS to the IRS on the Form W-2.

(8) Martins timely filed his returns and/or amended returns for each of the years 2003 through 2007, as demonstrated by **Plaintiff's Exhibit 2**, which is U.S. Postal Service Certified Mail and Track/Confirm records of timely delivery of Martins' returns to the IRS in Atlanta, Georgia. According to these U.S. Postal Service records:

(b-2) the IRS received Martins' 2005 return on April 10, 2006;

(c) the IRS received Martins' 2006 return on February 27, 2007; and

(d) the IRS received Martins' 2007 amended return on February 8, 2008.

(10) According to the accounting on the face of Martins' amended return for the year 2003, an overpayment of $9,136.45 is due and owing to Martins.

(11) According to the accounting on the face of Martins' return for the year 2005, an overpayment of $11,505.21 is due and owing to Martins.

(12) The Secretary of the Treasury issued to Martins a partial refund in the amount of $8,404.95 for the year 2006. According to the accounting on the face Martins' return for the year 2006, an overpayment of $10,541.61 is due and owing to Martins. When the refunded amount of $8,404.95 is subtracted from $10,541.61, according to Martins' accounting, an overpayment of $2,136.66 is still due and owing to Martins.

(13) According to the accounting on the face Martins' amended return for the year 2007, an overpayment of $15,749.23 is due and owing to Martins.

(14) More than six months has passed since Martins filed his claims for refund for each of the years 2003 through 2007, and the Secretary of the Treasury has not issued Martins the full amount of his claims for refund, except for the year 2004.

8. Defendant disputed the following statements of material fact:

(4) The statutory requirements for issuing the Form W-2 are codified at Internal Revenue Code ("IRC") section 6051. IRC sections 6051(a)(2,3&5) require that the Form W-2 be filled in with "wages" as specifically defined in IRC sections 3401(a) and 3121(a).

3

(8) Martins timely filed his returns and/or amended returns for each of the years 2003 through 2007, as demonstrated by **Plaintiff's Exhibit 2**, which is U.S. Postal Service Certified Mail and Track/Confirm records of timely delivery of Martins' returns to the IRS in Atlanta, Georgia. According to these U.S. Postal Service records:

(a) the IRS received Martins' 2003 amended return on June 8, 2006, and not on October 22, 2007 as erroneously reported on the IRS transcript of account for Steven Martins attached to the Declaration of Paul A. Allulis;

(b-1) the IRS received Martins' 2004 return on April 10, 2006;

(9) The Secretary of the Treasury issued a full refund to Martins for the year 2004; a partial refund for the year 2006, and no refund for the years 2003, 2005 and 2007.

(15) According to **Plaintiff's Exhibit 3**, which is a Freedom of Information Act letter dated February 4, 2009 that Martins received from the IRS Disclosure Office in Jacksonville, Florida, no tax assessments have been made against Martins for any of the years 2003 through 2007. At paragraph two of the letter, the IRS Disclosure Manager states, "I reviewed your account and found no assessments pertaining to you for tax years 2003—2007."

9. Regarding defendant's dispute of plaintiff's statement of material fact at paragraph

(4), defendant asserted that plaintiff's statements are not facts, but are legal arguments. Irrespective of the defendant's assertion, an objective reasonable person would still locate the statutory requirements for issuing the Form W-2 at IRC sections 6051(a)(2,3&5). See TITLE 26, Subtitle F, CHAPTER 61, Subchapter A, PART III, Subpart C - INFORMATION REGARDING WAGES PAID EMPLOYEES, Sec. 6051. The plain language of sections 6051(a)(2,3&5) require that the Form W-2 be filled in with "wages" as defined in IRC sections 3401(a) and 3121(a), as follows:

Sec. 6051. Receipts for employees
STATUTE
(a) Requirement

4

> Every person required to deduct and withhold from an employee a tax under section 3101 or 3402, -- shall furnish -- a written statement showing the following:
> (2) the name of the employee (and his social security account number if wages as defined in section 3121(a) have been paid),
> (3) the total amount of wages as defined in section 3401(a),
> (5) the total amount of wages as defined in section 3121(a),

10. Regarding defendant's dispute of plaintiff's statements of material fact at of paragraphs (8)(a) and (8)(b-1), defendant is facing an uphill battle. First, defendant is disputing not only the AFFIDAVIT OF STEVEN MARTINS, but defendant is also disputing the U.S. Postal Service Certified Mail and Track & Confirm records which confirm Steven Martins' testimony regarding the dates that he filed his claims for refund with the IRS in Atlanta, Georgia. Second, defendant's attorney, Paul A. Allulis is not a competent fact witness in this case because he does not have any personal knowledge of the case, nor does he have any personal knowledge about any of the information appearing on the face of the IRS transcripts that are attached to his declaration in support of the United States' motion for summary judgment. Attorney Paul A. Allulis merely reads the IRS transcripts attached to his declaration, and agues the content to the best of his ability, but he does not have any personal knowledge of the content. Defendant asserted that IRC § 6072(a) applies to plaintiff's 2004 claim for refund, but defendant did not support its assertion. Defendant has failed to demonstrate that plaintiff meets the threshold requirement for proper application of IRC § 6072(a) to plaintiff, which is articulated at IRC § 6012(a)(1)(A). Further, defendant has failed to produce an IRS assessment for the year 2004, or for any of the years at issue, made in conformity with the procedural requirements set forth at IRC

5

sections 6751 and 6203, and 26 CFR § 301.6203-1. Defendant's argument about the timeliness of plaintiff's filing of his 2004 claim for refund is moot anyway because the Secretary issued a full refund to plaintiff for the year 2004, and plaintiff is not suing defendant for a refund for the year 2004.

11. Regarding defendant's dispute of plaintiff's statement of material fact at paragraph (9), defendant's dispute is unreasonable. An objective reasonable person would agree that plaintiff submitted his claim for refund to the IRS for the year 2004, and that the Secretary issued a full refund. The issue that defendant argues is that after the IRS issued the full refund, the IRS allegedly reversed its decision. Defendant has not, however, supported its assertion by producing an IRS assessment for the year 2004 made in conformity with the procedural requirements set forth at IRC sections 6751 and 6203, and 26 CFR § 301.6203-1.

12. Defendant's unreasonable arguments regarding plaintiff's statements of material fact at points (4), (8)(a) & (b-1) and (9) do not rise to the level of a legitimate dispute of the material facts. The remainder of plaintiff's statements of material fact in support of summary judgment, with the exception of point (15), are explicitly not in dispute. For the foregoing reasons, plaintiff asks the court to deem the material facts as stated in points (1) through (14) of PLAINTIFF'S CONCISE STATEMENT OF MATERIAL FACTS AS TO WHICH PLAINTIFF CONTENDS THERE EXISTS NO GENUINE ISSUE [25], to be substantially not in dispute.

**Regarding the statutory burden of proof:**

13. The defendant admitted the following statements of material fact:

> (3) UPS reported Martins' pay as "wages" to the IRS on the Form W-2 for each of the years 2003 through 2007.
>
> (5) The IRS relied on the information on the Forms W-2 that it received from UPS to create an accounting of federal tax liabilities in an IRS transcript of account for Martins for each of the years 2003 through 2007.
>
> (6) Martins filed his claim for refund with the IRS for each of the years 2003 through 2007, with a Form 4852 incorporated as part of each of these returns, as demonstrated by **Plaintiff's Exhibit 1**, which is Martins' returns for the years 2003 through 2007.
>
> (7) On the Form 4852, Martins disputed the third party reporting by UPS to the IRS on the Form W-2.

14. In accordance with these material facts, the statutory burden of proof in this case arises at IRC section 6201(d). Section 6201(d) regulates the Secretary of the Treasury's assessment authority by requiring the Secretary to reasonably verify items of income reported to the IRS on the Forms W-2 and 1099. In any court proceeding, if a taxpayer has fully cooperated with the Secretary by filing a tax return for the year at issue and therein disputes the validity or the accuracy of third party reporting to the IRS, the Code places the burden on the Secretary to produce reasonable and probative information, in addition to the Form W-2 or 1099, before payments reported on a Form W-2 or 1099 are attributed to the recipient. See *Mason v. Barnhart*, 406 F.3d 962 (8th Cir. 2005):

> Receipt of a Form 1099 does not conclusively establish that the recipient has reportable income. If a recipient of a Form 1099 has a reasonable dispute with the amount reported on a Form 1099, the Code places the burden on the Secretary of the Treasury to produce reasonable and probative information, in addition to the Form 1099,

7

> before payments reported on a Form 1099 are attributed to the recipient. See IRC § 6201(d).

15. Defendant asserts that section 6201(d)'s burden-shifting mechanism is not triggered in this case because plaintiff's dispute on the Form 4852 is "not reasonable" based on the defendant's vigorous attacks against various straw man positions that plaintiff has never held.

16. Contrary to the defendant's assertions, the grounds for plaintiff's dispute on the Form 4852 is the plain language of IRC sections 3401(a) and 3121(a) as read and understood in light of the basic principles of statutory construction, as articulated in Southerland's Rules of Statutory Construction, and interpreted by the United States Supreme Court in *Gould v. Gould*, 245 U.S. 151.

17. Because plaintiff's dispute of the third party reporting to the IRS is based on the Supreme Court's express guidance, which trumps the faulty or poorly reasoned inferior federal court case law that the defendant relies on, the grounds for plaintiff's dispute is "reasonable" and sufficient to invoke the proper application of IRC section 6201(d) to this case. Therefore, in accordance with the material facts, the Secretary has the burden of producing reasonable and probative information in addition to the Forms W-2 reported on to the IRS by UPS.

18. The evidence that the defendant relies on to defend the case are the IRS transcripts of account for Steven Martins, attached to the Declaration of Paul A. Allulis. Defendant's admitted the following statement of material fact:

> (5) The IRS relied on the information on the Forms W-2 that it received from UPS to create an accounting of federal tax liabilities in an IRS transcript of account for Martins for each of the years 2003 through 2007.

8

19. The IRS transcripts of account for Steven Martins do not qualify as reasonable and probative information in addition to the Forms W-2 because the accounting of federal tax liabilities on the face of these transcripts is based on the Forms W-2. Because these transcripts do not meet the Secretary's burden of proof under IRC section 6201(d), these transcripts do not satisfy the summary judgment standard.

**Regarding defendant's assertion that this court lacks jurisdiction to adjudicate Plaintiff's claim for the tax years 2005 and 2006:**

20. Defendant asserts that, "this court lacks jurisdiction to adjudicate Plaintiff's claim for refund with respect to the tax years 2005 and 2006, because Plaintiff failed to satisfy his tax liabilities for those years in full." Defendant's assertion of unpaid tax liabilities comes from the IRS transcripts of account for Steven Martins for the years 2005 and 2006, which are based on the disputed Forms W-2 for the years 2005 and 2006. Again, section 6201(d) applies. In relation to the defendant's assertions of unpaid tax liabilities, the Secretary has the burden of proof to provide reasonable and probative information in addition to the forms W-2. Further, IRS transcripts of account for Steven Martins do not qualify as procedurally proper assessments made in conformity with the requirements set forth at IRC sections 6751 and 6203, and 26 CFR § 301.6203-1.

**Regarding defendant's attacks on legal positions that plaintiff has never held:**

21. Defendant vigorously attacks numerous straw man positions that plaintiff has never held. The source of defendant's spurious attacks on plaintiff is defendant's incorrect understanding of definitions in the Internal Revenue Code, based primarily on the terms "includes" and "including" as interpreted by the 7th Circuit in *United States v.*

9

*Latham*, 754 F.2d 747, 750 (7th Cir. 1985). The 7th Circuit's interpretation of the terms "includes" and "including" as defined at IRC § 7701(c) is fundamentally flawed, and leads to an incorrect understanding of virtually all of the definitions in the IRC that use the terms "includes" or "including".

22. Instead of rebutting each of the defendant's straw man arguments individually, plaintiff chooses to provide the court with the following memorandum of law that explicitly informs the court regarding the law that properly applies to the facts in this case.

## C. Memorandum of Law

### Regarding Statutory Construction and definitions in the IRC:

23. All Internal Revenue taxes, including the personal and corporate income taxes, self-employment taxes, as well as the so-called Social Security tax, are imposed and collected under Title 26, United States Code, also known as the Internal Revenue Code ("IRC" or "Code").

24. Before examining the actual wording contained in sections of the IRC, it is important to understand that courts have repeatedly held that a statute means only that which is stated in the statute and nothing more.

25. Southerland's Rules of Statutory Construction, an authoritative legal guidebook, under section 66.01 titled "Strict Construction of Statutes Creating Tax Liabilities" explains the limited application of tax laws. The guidebook refers to the U.S. Supreme Court decision of *Gould v. Gould*, 245 U.S. 151, which states:

> "In the interpretation of statutes levying taxes it is the established rule not to extend their provisions by implication beyond the clear import

10

> of the language used, or to enlarge their operation so as to embrace matters not specifically pointed out. In case of doubt, they are construed most strongly against the government and in favor of the citizen."

26. So the Supreme Court tells us that Code sections mean only that which is stated; nothing else can be added to that which is stated in the Code section.

27. Also, there are other decisions where the Supreme Court has addressed the principle of the limited meaning of statutes. The U.S. Court of Appeals for the Ninth Circuit explained two such decisions as follows:

> "We begin our interpretation by reading the statutes and regulations for their plain meaning. The plain meaning rule has its origin in *U.S. v. Missouri Pacific Railroad*, 278 U.S. 269 (1929). There the Supreme Court stated that "where the language of an enactment is clear and construction according to its terms does not lead to absurd or impracticable consequences, the WORDS EMPLOYED ARE TO BE TAKEN AS THE FINAL EXPRESSION OF THE MEANING INTENDED." ... The principle was more recently affirmed in *Dickinson v. New Banner Institute*, Inc., 460 U.S. 103,103 S.C. 986, 74 L.Ed.2d 845 (1983), rehearing denied, 461 U.S. 911,103 S.C. 1887,76 L.Ed.2d 815 (1983), where the Court stated, "In determining the scope of a statute, one is to look first at its language. If the language is unambiguous ... IT IS TO BE REGARDED AS CONCLUSIVE UNLESS THERE IS A CLEARLY EXPRESSED LEGISLATIVE INTENT TO THE CONTRARY." *United States v. Varlet*, 780 F.2d 758 on P.761 (9th Cir. 1986)

28. A pivotal term for understanding the plain meaning of the statutes is the term "includes" which, in law, is a word of CONFINEMENT and not EXPANSION. This is exactly what the U.S. Supreme Court said in the decision of *Montello Salt v. Utah*, 221 U.S. at page 455, wherein they stated:

> "'Include' or the participial form thereof, is defined 'to comprise within'; 'to hold'; 'to contain'; 'to shut up'; and synonyms are 'contain'; 'enclose'; 'comprise'; comprehend'; 'embrace'; 'involve'".

11

29. This U.S. Supreme Court decision, and others in support of its ruling that "includes" is a word of limitation, also support the Court's decision in *Gould v. Gould* that there can be no broadening of the statute by implication. Legislative drafters in the Internal Revenue Service who write the tax bills know very well this "plain meaning rule" of statutory interpretation.

30. Additionally, the U.S. Supreme Court guides us with the following doctrines:

> "[w]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words" *Circuit City Stores v. Adams*, 532 US 105, 114-115 (2001)

> "Under the principle of ejusdem generis, when a general term follows a specific one, the general term should be understood as a reference to subjects akin to the one with specific enumeration." *Norfolk & Western R. Co. v. Train Dispatchers*, 499 US 117 (1991)

> "...a word is known by the company it keeps (the doctrine of noscitura sociis). This rule we rely upon to avoid ascribing to one word a meaning so broad that it is inconsistent with its accompanying words, thus giving "unintended breadth to the Acts of Congress." *Jarecki v. G. D. Searle & Co.*, 367 US 303, 307 (1961)" *Gustafson v. Alloyd Co.* (93-404), 513 US 561 (1995)

> "[I]t is a commonplace of statutory construction that the specific governs the general..." *Morales v. TWA*, 504 US 374 (1992)

31. The United States Supreme Court reminds us to refrain from reading anything into a statute when Congress has left it out:

> " '[W]here Congress includes particular language in one section of a statute but omits it in another... it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.' " *Russello v. United States*, 464 US 16, 23, 78 L Ed 2d 17, 104 S Ct. 296 (1983) (Quoting *United States v. Wong Kim Bo*, 472 F. 2d 720, 722 (CA 1972))

32. With the Supreme Court guidance in mind, let's look at the wording of section

12

7701(c), which is the Code-wide definition of the terms "includes" and "including".

> Sec. 7701. Definitions
>
> (c) Includes and including
>
>> The terms "includes" and "including" when used in a definition
>> contained in this title shall not be deemed to exclude other things
>> otherwise within the meaning of the term defined.

33. In *Brigham v. United States*, 160 F.3d 759 (1st Cir. 1998), the 1st Circuit explains the

meaning of section 7701(c), as follows:

> "[t]he terms 'includes' and 'including' . . . shall not be deemed to
> exclude other things otherwise within the meaning of the term
> defined." 26 U.S.C. § 7701(c). In light of this we apply the principle
> that a list of terms should be construed to include by implication those
> additional terms of like kind and class as the expressly included terms.
> *fn2 This follows from the canon noscitur a sociis, "a word is known
> by the company it keeps." *Neal v. Clark*, 95 U.S. 704, 708-09 (1878).

34. The 1st Circuit's interpretation of section 7701(c) follows from the cannon noscitur a

sociis, "a word is known by the company it keeps", as found in very old and well-

settled Supreme Court case law. As explained by the 1st Circuit, the terms "includes"

and "including" are properly construed to "include by implication only those

additional terms of like kind and class as the expressly included terms."

35. The IRS likes to suggest that when the term "includes" is used in tax law, it should

not be understood as "limiting", and cites IRC section 7701(c) in support of the IRS's

position.

36. However, if Congress really intended section 7701(c) to mean "not limiting",

Congress would have constructed 26 USC 7701(c) identically to either 28 USC 3003:

> Section 3003, Rules of Construction
> (a) For purposes of this chapter
> (1) the terms "includes" and "including" are not limiting;

13

37. or 11 USC 102:

> Section 102, Rules of Construction
> In this title-
> (3) "includes" and "including" are not limiting;

38. But Congress did not.

39. The present Treasury Regulation at 27 CFR 72.11 communicates the spirit of section

7701(c):

> 27 CFR 72.11 - Meaning of Terms.
> The terms "includes and including" do not exclude things not
> enumerated which are in the same general class.

40. An earlier Title 26 Treasury Regulation at 26 CFR 170.59, revised January 1, 1961,

communicates the same principle:

> 26 CFR 170.59 - Includes and including.
> "Includes" and "including" shall not be deemed to exclude things other
> than those enumerated which are in the same general class.

41. With the Supreme Court's guidance in mind, and our understanding that the terms

"includes" and "including" as used throughout the Code mean **only** to "include by

implication only those additional terms of like kind and class as the expressly

included terms", let's look at the wording of section 7701(a)(26), which is the Code-

wide definition of "trade or business."

> Sec. 7701. Definitions
> (a) When used in this title, where not otherwise distinctly expressed or
> manifestly incompatible with the intent thereof -
> (26) Trade or business
> The term "trade or business" includes the performance of the
> functions of a public office.

42. According to the rules of statutory construction, the term "trade or business" as

specially defined at section 7701(a)(26), and used throughout the IRC, means **only**

14

"the performance of the function of a public office" and those additional terms of like

kind and class as the expressly included terms. The like kind and class specifically

included in the term "trade or business" is limited to government-related activities. If

Congress had intended otherwise, it would have simply stated, "trade or business"

includes all business. But congress did not.

43. Now, let's read the definition of "wages" at IRC section 3401(a):

> Sec. 3401. - Definitions
> (a) **Wages**
> For purposes of this chapter, the term "wages" means all remuneration
> (other than fees paid to a public official) for services performed by an
> **employee** for his employer,

44. The term "wages" means all remuneration paid to an "employee" as defined at

section 3401(c):

> (c) **Employee**
> For purposes of this chapter, the term "employee" includes an officer,
> employee, or elected official of the United States, a State, or any
> political subdivision thereof, or the District of Columbia, or any
> agency or instrumentality of any one or more of the foregoing. The
> term "employee" also includes an officer of a corporation.

45. The definition of "employee" at section 3401(c) consists of two sentences. The first

sentence enumerates kinds and classes of federal workers, which is clarified by

looking up the terms "United States" and "State", which are specially defined at

sections 7701(a)(9)&(10), respectively, as follows:

> Sec. 7701. Definitions
> (a) When used in this title, where not otherwise distinctly expressed or
> manifestly incompatible with the intent thereof -
>     (9) United States
>     The term "United States" when used in a geographical sense
>     includes only the States and the District of Columbia.
>     (10) State

15

> The term "State" shall be construed to include the District of
> Columbia, where such construction is necessary to carry out
> provisions of this title.

46. According to the rules of statutory construction, and the definition of "includes" at

    section 7701(c) as interpreted by the 1st Circuit in *Brigham v. United States*, 160 F.3d

    759 (1st Cir. 1998), the term "State" as used in section 3401(c) means a **federal**

    "State", e.g., the District of Columbia, or a "State" listed in the same general class,

    such as the Commonwealth of Puerto Rico, but not a foreign State such as Spain or

    France, and not a union State such as California or Texas.

47. The second sentence in section 3401(c) tells us that the term "employee" also

    includes an officer of a corporation, which we properly understand to mean "an

    officer of a **federal** corporation".

48. Congress gave public notice in the Federal Register, on Tuesday, September 7, 1943,

    at page 12267, section 404.104, of its intended meaning of its specially defined

    "word-of-art" term "employee":

    § 404.104 - Employee.
    The term "employee" includes every individual performing services if the
    relationship between him and the person for whom he performs such
    services is the legal relationship of employer and employee. The term
    specifically includes officers and employees whether elected or appointed,
    of the United States, a State, Territory, or any political subdivision thereof,
    or the District of Columbia, or any agency or instrumentality of any one or
    more of the foregoing.
    Vol. 8, Federal Register (Tuesday, September 7, 1943) p. 12267.

49. According to Congress' public notice in the Federal Register, the term "employee"

    **specifically** includes officers and employees whether elected or appointed, of the

    United States, a [federal] State, Territory, or any political subdivision thereof, or the

District of Columbia, or any agency or instrumentality of any one or more of the foregoing. This public notice occurred in the historical context of the Public Salary Tax Act of 1939, and the earlier Classification Act of 1923.

50. The Public Salary Tax Act of 1939, at Section 207, defines a "United States Corporation" as:

> "a corporate agency or instrumentality, is one (a) a majority of the stock of which is owned by or on behalf of the United States, or (b) the power to appoint or select a majority of the board of directors of which is exercisable by or on behalf of the United States".

51. An officer of a federal corporation, or "corporate agency or instrumentality" of the United States, would naturally fall within the definition of "employee" at section 3401(c).

52. The Court must interpret these statutes accordingly:

> ""We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon [of statutory construction] is also the last: the judicial inquiry is complete." *Connecticut Nat. Bank v. Germain*, 503 U. S. 249, 253-254 (1992) (citations and internal quotation marks omitted)." *Zedner v. United States*, 126 S.Ct. 1976 (2006).

53. If the Court has any doubt about how to interpret IRC sections 3401(a) and 3121(a), or section 3401(c), or section 6201(d), or any other statute relevant to this case, the Court should properly follow the instruction of the U.S. Supreme Court in *Gould v. Gould*, 245 U.S. 151, which tells us:

> "In the interpretation of statutes levying taxes it is the established rule not to extend their provisions by implication beyond the clear import of the language used, or to enlarge their operation so as to embrace matters not specifically pointed out. In case of doubt, they are construed most strongly against the government and in favor of the

17

citizen."

**Regarding the definitions in the IRC as applied to this case:**

54. The statutory requirements for issuing the Form W-2 are codified at TITLE 26,

    Subtitle F, CHAPTER 61, Subchapter A, PART III, Subpart C - INFORMATION

    REGARDING WAGES PAID EMPLOYEES, Sec. 6051. Sections 6051(a)(2,3&5)

    require that the Form W-2 be filled in with "wages" as specifically defined in IRC

    sections 3401(a) and 3121(a), as follows:

> Sec. 6051. Receipts for employees
> STATUTE
> (a) Requirement
>    Every person required to deduct and withhold from an employee a
>    tax under section 3101 or 3402, -- shall furnish -- a written
>    statement showing the following:
>    (2) the name of the employee (and his social security account
>    number if wages as defined in section 3121(a) have been paid),
>    (3) the total amount of wages as defined in section 3401(a),
>    (5) the total amount of wages as defined in section 3121(a),

55. The IRC statutory requirements for issuing the Form 1099 are codified at TITLE 26,

    Subtitle F, CHAPTER 61, Subchapter A, PART III, Subpart B - INFORMATION

    CONCERNING TRANSACTIONS WITH OTHER PERSONS, Sections 6041 and

    6041A. Sections 6041 and 6041A apply specifically to persons engaged in a "trade or

    business" as specifically defined in IRC § 7701(a)(26).

56. When the definitions at IRC sections 3401 and 3121, and 7701(a)(26) are read in

    accordance with the rules of statutory construction, and the definition of "includes" at

    section 7701(c) as interpreted by the 1st Circuit in *Brigham v. United States*, 160 F.3d

    759 (1st Cir. 1998), to include only those additional terms of like kind and class as the

    expressly included terms, and then are applied to the facts of this case, we arrive at

18

the inescapable conclusion that during the calendar years 2003 through 2007:

a.  Martins did not receive from UPS "wages" as specifically defined in IRC §§ 3401(a) and 3121(a).

b.  Martins was not a UPS "employee" as specifically defined in IRC § 3401(c).

c.  UPS was not Martins' "employer" as specifically defined in IRC § 3401(d).

d.  Martins was not by UPS under "employment" as specifically defined in IRC § 3121(b).

e.  Martins did not in connection with UPS participate in a "trade or business" as specifically defined in IRC § 7701(a)(26).

f.  Martins did not perform for UPS "service" as specifically defined in the Classification Act of 1923.

g.  Martins did not receive from UPS "compensation" as specifically defined in the Classification Act of 1923.

h.  Martins merely received from UPS non-federally-connected private sector remuneration, which is not subject to a federal tax on "wages" or on "income".

## D. Conclusion

57.  Under IRC section 6201(d) the burden of proof in this case is on the Secretary of the Treasury to provide reasonable and probative information in addition to the Forms W-2 reported on to the IRS by UPS. The IRS transcripts of account for Steven Martins do not qualify as reasonable and probative information in addition to the Forms W-2 because the accounting of federal tax liabilities on the face of these transcripts is

based on the Forms W-2. Because these transcripts do not meet the Secretary's burden of proof, these transcripts do not satisfy the summary judgment standard. In accordance with the basic principles of statutory construction, the pay that plaintiff received from UPS is not "wages" as specifically defined at IRC sections 3401(a) and 3121(a); therefore, plaintiff correctly utilized the Form 4852 to refute the erroneous reporting of his receipt of "wages" on the Form W-2. For these reasons, plaintiff asks the court to grant this motion and render a final summary judgment in plaintiff's favor.

Dated:   August   3rd   , 2009

Steven Martins
2907 West State Road 235
Brooker, FL 32622
(352) 485-1659

20

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing PLAINTIFF'S REPLY TO UNITED

STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

has been made upon the following by depositing a copy in the United States mail, postage

prepaid, this 3rd day of August, 2009:

Paul A. Allulis
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044

Steven Martins
2907 West State Road 235
Brooker, FL 32622
(352) 485-1659

21