UNITED STATES DISTRICT COURT
Northern District of Florida
Gainesville Division

STEVEN MARTINS,

        Plaintiff.

v.                                  Case No. 1:08-cv-00212-MP-AK

UNITED STATES OF AMERICA,

        Defendant.

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED PLEADING AND MEMORANDUM IN SUPPORT

Plaintiff requests leave of court to file an amended pleading, PLAINTIFF'S SECOND AMENDED COMPLAINT.

### A. Introduction

1. Plaintiff is Steven Martins; defendant is United States of America.

2. Plaintiff sued defendant under 26 U.S.C. § 7422 for refund of overpayment of taxes in accordance with the accounting on the face of plaintiff's tax returns for the years 2003, 2005, 2006 and 2007.

3. Grounds for plaintiff's claim are the definitions of "wages", "employee", "trade or business", and others in 26 U.S.C. §§ 3401, 3121 and 7701 applied to the material facts.

4. Defendant has not filed an answer.

5. Plaintiff seeks to amend his complaint to include the following: (1) narrowly framed pleadings conforming to the decision in *Brigham v. United States*, 160 F.3d 759 (1st

Cir. 1998) that the interpretive canon noscitur a sociis applies to the term "includes" as defined at 26 U.S.C. § 7701(c); (2) narrowly framed pleadings conforming to the decision in *Mason v. Barnhart*, 406 F.3d 962 (8th Cir. 2005) regarding burden of proof at 26 U.S.C. § 6201(d); and (3) deletion all statements which could be construed or misconstrued as grounds for denying plaintiff remedy or dismissing his complaint.

### B. Argument

6. Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

7. Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman*, 371 U.S. at 182. Although plaintiff's motion to amend comes after the pretrial scheduling order deadline of August 17, 2009 for amending pleadings, the defendant has not yet answered plaintiff's complaint, and plaintiff has learned through review of the pleadings that is appropriate and necessary for plaintiff to correct the allegations in his complaint to frame the issues more succinctly in conformity with the case law upon which plaintiff relies, and to delete superfluous statements and issues.

8. The court should allow the filing of plaintiff's amended pleading because it is appropriate and necessary. See *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255-56 (8th Cir. 1994). Plaintiff will be prejudiced if not allowed to amend.

9. Defendant will not be prejudiced by plaintiff's amended pleading because no new facts are put at issue and no new theories of recovery are raised. The amended pleading merely corrects the allegations in the complaint to frame the issues more succinctly in conformity with the case law upon which plaintiff relies, and deletes superfluous statements and issues. See *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (noting that merely adding specificity to allegations generally does not cause prejudice to the opposing party); *Laber*, 438 F.3d at 427; see also *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case.").

10. Defendant will not be prejudiced by any delay that plaintiff's amended pleading may cause. See *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391 (5th Cir. 1985). Plaintiff's amendment is likely to speed up the progress of the case towards adjudication on the merits and to avert the need for an appeal.

11. Plaintiff diligently moved to amend as soon it became apparent that the amendment was necessary. See *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391 (5th Cir. 1985). Plaintiff filed this motion immediately upon learning that he needed to correct the allegations in his complaint to frame the issues more succinctly in conformity with the case law upon which plaintiff relies, and to delete superfluous statements and issues.

12. Plaintiff is filing his amended pleading separately along with this motion.

## C. Conclusion

13. It is appropriate and necessary for plaintiff to narrowly reframe his pleadings in close conformity to the case law in support of plaintiff's claim for relief, as found in *Brigham v. United States*, 160 F.3d 759 (1st Cir. 1998), and *Mason v. Barnhart*, 406 F.3d 962 (8th Cir. 2005), so that plaintiff may achieve justice in this matter. The filing of an amended complaint will not prejudice the defendant. For these reasons, plaintiff asks the court to grant leave to file the amended pleading.

Dated: December 28th, 2009

Steven Martins
2907 West State Road 235
Brooker, FL 32622
(352) 485-1659

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED PLEADING AND MEMORANDUM IN SUPPORT has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 28th day of December, 2009:

Paul A. Allulis
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044

Steven Martins
2907 West State Road 235
Brooker, FL 32622
(352) 485-1659

5