IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| STEVEN MARTINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:08-CV-00212-MP-AK |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**OPPOSITION BY UNITED STATES TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED PLEADING**

The United States of America, through undersigned counsel, files its Opposition to Plaintiff's Motion for Leave to File Amended Pleading. The Court should deny Plaintiff's motion, because it is untimely, futile, and the underlying facts and circumstances relied upon by Plaintiff are not a proper subject of relief. Plaintiff wishes only to re-argue Plaintiff's claim that the salary he received in exchange for his services as a driver for United Parcel Service during the years 2003 through 2007, was not "wages" subject to the federal income tax.

**PROCEDURAL HISTORY**

Plaintiff is a tax defier who believes that he – unique among the other one-hundred million taxpayers in the United States – is exempt from application of the Internal Revenue Code to his wages and other income. Plaintiff initiated this suit on October 3, 2008, by filing a complaint (dkt 1) alleging that the income tax is unconstitutional as applied to his wages, that the tax assessments against him are illegal, and that the lien filings and other collection activities undertaken by the Internal Revenue Service with respect to his tax liabilities for the years 2003 through 2007 were not only

5036212.1

improper, but entitle him to recover damages under the Internal Revenue Code he purports to disavow. After the United States filed a motion to dismiss Plaintiff's original complaint (dkt 8), on March 24, 2009, Plaintiff filed an amended complaint (dkt 19), dropping his claim for damages for failure to release liens, but maintaining that he is entitled to a refund of taxes paid for the years 2003 through 2007, on the grounds, first, that Plaintiff owes no taxes on account of his compensation for services rendered during all the years at issue because, according to Plaintiff, that compensation was not "wages"; and, second, that the Sixteenth Amendment does not authorize a non-apportioned direct income tax on United States citizens.

On March 25, 2009, the United States filed a motion to dismiss the amended complaint, or in the alternative for summary judgment (dkt 19), presenting both jurisdictional and substantive arguments. On July 10, 2009, Plaintiff filed his own motion for summary judgment (dkt 24), pressing the legal argument that the salary he received from UPS was not subject to the federal income tax.

On June 30, 2009, the Court entered an Order (dkt 23) adopting the deadlines proposed by the parties' in their Rule 26(f) report, which set a deadline of August 17, 2009, for the filing of all motions to amend pleadings.

More than four months after that deadline expired, on December 23, 2009, Plaintiff filed this Motion for Leave to File Amended Pleading (dkt 41) ("Motion"). Plaintiff does not detail what prompted him to belatedly seek leave to amend his complaint. He states only that "plaintiff has learned through review of the pleadings that it is appropriate and necessary for plaintiff to correct the allegations in his complaint to frame the issues more succinctly in conformity with the case law upon which plaintiff

2

5036212.1

relies, and to delete superfluous statements and issues." Motion, at 2 (¶ 7).  More likely, Plaintiff now seeks to amend because on December 3, 2009, the Middle District of Florida (District Judge John Steele) entered an Order dismissing with prejudice an amended complaint virtually identical to Plaintiff's amended complaint, and Plaintiff fears the same fate.  *See Herriman v. United States*, No. 2:08-cv-807-FtM-29DNF (2009 WL 4667404 December 3, 2009) (a copy of which is attached hereto as Ex. 1).  Four days later, on December 7, 2009, Magistrate Judge Elizabeth Timothy issued a Report and Recommendation that an equally frivolous complaint be dismissed for failure to state a meritorious claim.  *See Nelson v. United States*, No. 3:08-cv-00508-MCR-EMT (N.D. Fla.) (dkt 33) (a copy of which is attached hereto as Ex. 2).  Not surprising, Messrs. Herriman and Nelson have filed identical motions for leave to amend their pleadings in those cases.

## ARGUMENT

Plaintiff seeks leave to amend his complaint for a second time, and, relying upon the Supreme Court's decision in *Foman v. Davis*, 371 U.S. 178, 182 (1962), argues that leave to amend pursuant to Rule 15(a)(2) should be freely given when justice so requires and "unless the opposing party can show prejudice, bad faith, or undue delay."  Motion, at 2 (¶¶ 6, 7).  Plaintiff has not completely set forth the *Foman* standard.  True, under *Foman* leave to file an amended pleading should be freely given, but *only* "in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Foman*, 371 U.S. at 182.  Plaintiff's Motion implicates at

5036212.1

least three of the *Foman* factors: undue delay, repeated failure to cure deficiencies by prior amendments, and futility.

Plaintiff does not detail the reason for his delay in seeking this amendment except to state that he "moved to amend as soon as it became apparent that the amendment was necessary." Motion, at 3 (¶ 11). As explained above, the likely reason Plaintiff now seeks to amend is the Middle District of Florida's recent dismissal of an amended complaint that is virtually identical to Plaintiff's amended complaint. Indeed, the plaintiff in that case has also file a motion for leave to file amended pleading, proposing to amend his complaint in a manner virtually identical to that proposed by Plaintiff here. *See Herriman v. United States*, No. 2:08-cv-807-FtM-29DNF (Motion for Leave to File Amended Pleading) (dkt 41). Plaintiff argues that the Court should allow a second amendment to his complaint, because "no new facts are put at issue and no new theories of recovery are raised." Motion, at 3 (¶ 9). Plaintiff therefore argues that the Court should allow Plaintiff to file a second amended complaint to include "narrowly framed pleadings" that do nothing more than to re-assert the very same argument that he has already pled and briefed – that the pay that Plaintiff received as a driver for UPS is not subject to the federal income tax because it is not wages, Plaintiff is not an employee, and UPS is not engaged in a trade or business, as those terms are defined in certain provisions of the Internal Revenue Code. *See* Motion, at 1 (¶ 3), 3 (¶¶ 9-11). Thus, Plaintiff's motion should be denied.

As an initial matter, Plaintiff's motion is untimely. The Court's June 30th Order (dkt 23) specified that motions to amend pleadings were required to be filed no later than August 17, 2009. Plaintiff's motion was filed nearly 4 months after this deadline. And

Plaintiff offers no basis for his delay.  Plaintiff only did so after an identical complaint was dismissed by another Court.  Such strategic delay is inexcusable.  *See, e.g.*, *Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.*, 184 F.R.D. 674, 678 (M.D. Fla. 1999) ("motions for leave to amend filed after the district court's deadline as set forth in the scheduling order should be denied").  Moreover, Plaintiff has already once amended his complaint, in response to the United States' first motion to dismiss.  That amendment failed to correct the defects in Plaintiff's claims, and such repeated failures alone can constitute a basis for denial of a motion for leave to amend.  *See Foman*, 371 U.S. at 182.

More important, Plaintiff's motion is utterly futile.  Unlike the typical litigant seeking to amend a prior pleading, Plaintiff wishes to plead "no new facts" and "no new theories of recovery."  Motion, at 3 (¶ 9).  Rather, Plaintiff wishes to "frame the issues more succinctly."  *Id.*  But, the claim that Plaintiff now makes is the very same claim that he made in his original complaint, his first amended complaint, and his motion for summary judgment.  It has been extensively briefed.  As explained in the United States' filings, Plaintiff's claim that his pay is not subject to the income tax has been held to be frivolous time and again, and has been held sactionable by the Eleventh Circuit.  *See*, *e.g.*, *Motes v. United States*, 785 F.2d 928, 928 (11th Cir. 1986); *Biermann v. Comm'r*, 769 F.2d 707, 708 (11th Cir. 1985); *Sullivan v. United States*, 788 F.2d 813, 815 (1st Cir. 1986); *Peth v. Breitzmann*, 611 F. Supp. 50, 53 (E.D. Wis. 1985).

The amendment proposed by Plaintiff would do nothing to change this result, and the second amended complaint would be subject to dismissal for the same reasons set forth in our motion to dismiss the first amended complaint.  The Eleventh Circuit "'has found that denial of leave to amend is justified by futility when the complaint as amended

is still subject to dismissal.'" *Hall v. United Ins. Co. Of America*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (*quoting Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)). Thus, in *Hall*, the Eleventh Circuit upheld the district court's denial of a motion for leave to amend on the ground of futility where "the three new claims asserted, like those in [movant's] first amended complaint, would have been subject to dismissal as a matter of law." *Id.*

Here, by his own admission, Plaintiff does not even assert any new claims. Rather, Plaintiff simply wishes to re-argue (more succinctly, according to Plaintiff) his assertion that his pay is not taxable. Plaintiff argued this point both in his opposition to the United States' motion to dismiss or for summary judgment (dkt 20), and in his own motion for summary judgment (comprising at least 10 pages of argument based upon the same statutes he now cites) (dkt 24). Plaintiff apparently believes that by more narrowly pleading his claim, he can somehow cure its defects. But he cannot. Despite Plaintiff's wish to more narrowly focus his pleadings, his claim for relief remains exactly what it was when Plaintiff initiated this suit in October, 2008 – a frivolous, tax-defier assertion of exemption from the federal income tax. For this reason, Plaintiff's reliance on *Foman* is entirely misplaced. As the Supreme Court there held, a plaintiff "ought to be afforded an opportunity to test his claim on the merits," but only "[*i*]*f* the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Foman*, 371 U.S. at 182 (emphasis added). The underlying facts or circumstances relied upon by Plaintiff here – in his original complaint, his first amended complaint, and now his proposed second amended complaint – are all the same, and are *not* a proper subject of relief. No matter how many times Plaintiff amends his complaint, or how narrowly he

pleads this claim, Plaintiff simply cannot render the pay that he received in exchange for his services as a driver exempt from the federal income tax.

## CONCLUSION

For all the foregoing reasons, this Court should deny Plaintiff's Motion for Leave to File Amended Pleading.

        Thomas F. Kirwin
        United States Attorney

        /s/ Paul A. Allulis
        PAUL A. ALLULIS
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 14198
        Ben Franklin Station
        Washington, D.C.  20044
        Telephone: (202) 514-5880
        Facsimile: (202) 514-9868
        Email: paul.a.allulis@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that service of the foregoing Opposition by United States to Plaintiff's Motion for Leave to File Amended Pleading has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 5th day of January, 2010:

Steven Martins
2907 West State Road 235
Brooker, Florida 32622

                                        /s/ Paul A. Allulis
                                        PAUL A. ALLULIS
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice

5036212.1