UNITED STATES DISTRICT COURT
Northern District of Florida
Gainesville Division

STEVEN MARTINS,

            Plaintiff,

v.                               Case No. 1:08-cv-00212-MP-AK

UNITED STATES OF AMERICA,

            Defendant,
_____/

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED PLEADING

Plaintiff hereby replies to defendant's opposition to leave of court to file PLAINTIFF'S SECOND AMENDED COMPLAINT.

### A. Introduction

1. Plaintiff's claim for refund suit arises out of his dispute with the Internal Revenue Service over the meaning of definitions in the Internal Revenue Code. Specially defined, "word of art" terms in the Code control the scope of certain taxing clauses and enforcement provisions. A proper understanding of these pertinent Code definitions is essential to a proper accounting of federal tax liabilities. The central issue going to the merits is the proper application of the interpretative canon noscitur a sociis to the term "includes" as defined at 26 U.S.C. § 7701(c), which controls the meaning of "trade or business" as defined at 26 U.S.C. § 7701(a)(26), and the scope of "employee" as defined at 26 U.S.C. § 3401(c), to ultimately determine which party's accounting of federal tax liabilities is correct.

Filed 0111'10 USDCFlnt AM0814

1

2. Plaintiff asserts that nocitur a sociis applies to "includes", thus it is proper to consider the kind and class of terms listed in Internal Revenue Code definitions, and to include by implication those additional terms of like kind and class, as determined by the 1st Circuit in *Brigham v. United States*, 160 F.3d 759 (1st Cir. 1998). Plaintiff's statement of facts, and the accounting on the face of plaintiff's tax returns, reflect his understanding of the pertinent Code definitions.

3. Defendant asserts that nocitur a sociis **does not** apply to "includes", thus it is proper to disregard the kind and class of terms listed in Internal Revenue Code definitions, and to substitute colloquial meanings for specially defined Code terms listing a particular kind and class in the definition. Defendant's assertions of fact, and the accounting on the face of the IRS transcripts of account for plaintiff, reflect the defendant's position on the meaning of the Code definitions at issue.

4. Although *Brigham v. United States*, 160 F.3d 759 (1st Cir. 1998) supports plaintiff's position on the proper application of noscitur a sociis to the term "includes" as defined at 26 U.S.C. § 7701(c), no case law supports the defendant's position on this central issue controlling the proper accounting of federal tax liabilities.

5. Also, the Eighth Circuit's decision in *Mason v. Barnhart*, 406 F.3d 962 (8th Cir. 2005) supports plaintiff's assertion that 26 U.S.C. § 6201(d) shifts the burden of proof to the Secretary reasonably verify the Forms W-2 which plaintiff disputes.

6. Defendant evades the case law in support of plaintiff's claim by (1) misconstruing the nature of plaintiff's claim, (2) vigorously attacking straw man arguments, and (3) arguing case law that is off point to the merits of plaintiff's claim.

7. For these reasons, it is appropriate and necessary for plaintiff to narrowly reframe his pleadings on the face of his complaint in close conformity to the case law in support of plaintiff's claim for relief, as found in *Brigham v. United States*, 160 F.3d 759 (1st Cir. 1998), and *Mason v. Barnhart*, 406 F.3d 962 (8th Cir. 2005), and to delete all statements which could be construed or misconstrued as grounds for denying plaintiff remedy or dismissing his complaint, so that plaintiff may achieve justice in this matter.

### B. Argument

8. Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendant's assertions in this regard are unfounded because they are all based on straw man arguments—legal positions which plaintiff has never held.

9. Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman*, 371 U.S. at 182. Although plaintiff's motion to amend comes after the pretrial scheduling order deadline of August 17, 2009 for amending pleadings, the defendant has not yet answered plaintiff's complaint, and plaintiff has learned through review of the pleadings that it is appropriate and necessary for plaintiff to correct the allegations in his complaint to frame the issues more succinctly in conformity with the case law upon which plaintiff relies, and to delete superfluous statements and issues.

10. The court should allow the filing of plaintiff's amended pleading because it is appropriate and necessary. See *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*,

3

32 F.3d 1244, 1255-56 (8th Cir. 1994). Plaintiff will be prejudiced if not allowed to amend.

11. Defendant will not be prejudiced by plaintiff's amended pleading because no new facts are put at issue and no new theories of recovery are raised. The amended pleading merely corrects the allegations in the complaint to frame the issues more succinctly in conformity with the case law upon which plaintiff relies, and deletes superfluous statements and issues. See *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (noting that merely adding specificity to allegations generally does not cause prejudice to the opposing party); *Laber*, 438 F.3d at 427; see also *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case.").

12. Defendant will not be prejudiced by any delay that plaintiff's amended pleading may cause. See *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391 (5th Cir. 1985). Plaintiff's amendment is likely to speed up the progress of the case towards adjudication on the merits, and to avert the need for an appeal.

13. Plaintiff diligently moved to amend as soon it became apparent that the amendment was necessary. See *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391 (5th Cir. 1985). Plaintiff filed this motion immediately upon learning that he needed to correct the allegations in his complaint.

### C. Conclusion

14. It is appropriate and necessary for plaintiff to narrowly reframe his pleadings in close conformity to the case law in support of plaintiff's claim for relief, as found in *Brigham v. United States*, 160 F.3d 759 (1st Cir. 1998), and *Mason v. Barnhart*, 406 F.3d 962 (8th Cir. 2005), so that plaintiff may achieve justice in this matter. The filing of an amended complaint will not prejudice the defendant. For these reasons, plaintiff asks the court to grant leave to file the amended pleading.

Dated: January 11th, 2010

Steven Martins
2907 West State Road 235
Brooker, FL 32622
(352) 485-1659

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED PLEADING AND MEMORANDUM IN SUPPORT has been made upon the following by depositing a copy in the United States mail, postage prepaid, this ___11th___ day of January, 2010:

Paul A. Allulis
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044

_____
Steven Martins
2907 West State Road 235
Brooker, FL 32622
(352) 485-1659

6