IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**STEVE MARTINS,**

    **Plaintiff,**

**vs.**                                               **CASE NO. 1:08CV212-MP/AK**

**UNITED STATES OF AMERICA,**

    **Defendant.**

_____/

**O R D E R**

Presently before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint, (doc. 28), Defendant's response (doc. 29), and Plaintiff's Reply. (Doc. 30). Having considered said motion, the Court Is of the opinion that it should be **DENIED**.

Plaintiff seeks leave to file an attached amended complaint to state his claims more succinctly and in conformity with case law. The proposed changes made in the second amended complaint do not alter the original claims and merely rephrase his original claims. By his own admission, the new pleading offers "no new facts...and no new theories of recovery...." Defendant opposes the amendment because it is untimely and futile. The Court agrees.

The deadline for amendments was August 17, 2009. The motion filed on December 23, 2009, does not address the delay nor does Plaintiff offer good cause for excusing it.

Further, the Court agrees that the proposed amended complaint would be futile.

Plaintiff's proposed complaint is premised on the same frivolous assertion that his income as a driver for United Parcel Services is not subject to federal income tax.

Fed.R.Civ.P. 15(a) provides that amendment after a responsive pleading has been served, absent written consent of the adverse party, requires leave of court, but "leave shall be freely given when justice so requires."   However, amendment should not be granted if the amendment would be futile:

> Amendment need not be allowed where it would be futile to add new claims. Among the reasons that the Supreme Court has recognized as warranting the denial of a motion to amend is "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County School Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir.1999).

Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 777 n. 10 (11th Cir. 2000).

A motion to amend may be denied on "numerous grounds" such as undue delay, undue prejudice to the defendants, and futility of the amendments.  Abramson v. Gonzalez, 949 F.2d 1567, 1581 (11th Cir. 1992); Vanderberg v. Donaldson, 259 F.3d 1321, 1326-27 (11th Cir. 2001).  In this instance, undue delay and futility are grounds for denying Plaintiff's motion.

Accordingly, it is

**ORDERED:**

Plaintiff's Motion for Leave to File a second amended complaint (doc. 28) is **DENIED**.

**DONE AND ORDERED** this 12th day of February, 2010.

                s/ A Kornblum
                **ALLAN KORNBLUM**
                **UNITED STATES MAGISTRATE JUDGE**