IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

STEVEN MARTINS,

    Plaintiff,

v.                                              CASE NO. 1:08-cv-00212-MP-AK

UNITED STATES OF AMERICA,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on several motions: Defendant's Motion to Dismiss or in the Alternative for Summary Judgment, (Doc. 19), to which Plaintiff has responded. (Doc. 20). Plaintiff has also filed a motion for summary judgment (Doc. 24), to which the government has responded, (Doc. 26), and Plaintiff has filed a reply brief. (Doc. 27). More recently, in Doc. 33, Plaintiff filed a Motion for Reconsideration of Doc. 31, the order of the Magistrate Judge denying Plaintiff's Motion to File a Second Amended Complaint. Mr. Martins also filed Doc. 34, a motion to recuse the undersigned.

The Court must begin with the Motion for Reconsideration and the Motion to Recuse. In the two motions, the Plaintiff notes that the order at Doc. 31 was entered onto the docket on the same day of the passing of Magistrate Judge Kornblum after a period of illness. He asserts that the order must therefore have been fraudulently entered by opposing counsel and the Clerk's office who, he claims, "impersonated former Magistrate Judge Kornblum." Doc. 33. Further, he claims that the undersigned should recuse himself because the undersigned knew of this subterfuge and either condoned or ignored it.

His claim is without merit. The order was personally approved by Magistrate Judge Kornblum, and later signed electronically pursuant to court rules. See Administrative Order of November 28, 2003, ¶ 7 (posted at http://www.flnd.uscourts.gov/forms/Administrative%20Orders/AdmOrdCMECF.pdf). Thus, no deception took place and there is nothing to suggest that the undersigned condoned or ignored anything improper. The motion to recuse is therefore without merit and is denied. To the extent that the motion to reconsider was intended to simply be an appeal of the Magistrate Judge's order, the decision of the Magistrate Judge is affirmed. The Court agrees that the Proposed Second Amended Complaint - filed four months after the amendment deadline - offers no new facts and no new theories of recovery. Thus, amendment at this late date is not appropriate under the circumstances.

The undersigned now turns to the Defendant's motion to dismiss and the Plaintiff's motion for summary judgment.

**I.      Allegations of the First Amended Complaint (doc. 18)**

Plaintiff proceeds *pro se*, and he has paid the filing fee. He is suing the Internal Revenue Service for failing to refund income taxes paid to the government on wages earned as a driver for the United Parcel Service (UPS) during the years 2003, 2005, 2006, and 2007[1]. Plaintiff allegedly timely filed his income tax returns and taxes were withheld for each year, but he claims that he is entitled to a full refund for all taxes withheld for these years because his wages are not income as defined by the IRS, he is not an employee as defined by the IRS, UPS is not an employer as defined by the IRS, he did not perform services as defined by the IRS, and working

---

[1] 2004 is not at issue because he received a full refund for that year.

for UPS did not constitute participating in a trade or business as defined by the IRS. He also argues that "direct taxation without apportionment" violates the United States Constitution, specifically Article I, Section 9, and the Sixteenth Amendment.

Plaintiff seeks a return of "overpayments" in the total amount of $38,527.55, plus interest; costs of suit; remand to the proper authorities of all the federal officials who abused the law in regard to Plaintiff's returns; and an expungement of all false documents relating to Plaintiff's tax returns.

### II.     Standard of Review[2]

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A factual dispute is "'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." Id.; accord Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992).

### III.    Defendant's evidence

a)     Declaration of Paul A. Allulis (Doc. 19)

Mr. Allulis is a trial attorney in the Department of Justice, Tax Division, and he attached

---

[2] The court construed Defendant's motion to dismiss as one for summary judgment because there was an affidavit and other evidentiary material attached and Plaintiff was notified of his burden in responding thereto. (Doc. 23).

administrative transcripts of Plaintiff's account for the tax years at issue.

**IV.     Plaintiff's responses, including Plaintiff's Motion (docs. 20, 24 and 27)**.

Plaintiff reiterates his argument that the Sixteenth Amendment to the United States Constitution prohibits direct income tax; that the pay he received from UPS is not wages as defined by the Internal Revenue Code; and that he is entitled to a full refund of all taxes withheld.

Attached to his affidavit is a letter dated February 4, 2009, from the IRS Disclosure Office that states, "I have reviewed your account and found no assessments pertaining to you for tax years 2003-2007." Also attached are USPS certified mail receipts showing when he delivered his tax returns to the IRS for the years 2003 - 2007.

**V.     Discussion**

a)     Failure to state a claim

Plaintiff's complaint raises issues recently decided in Nelson v. United States of America, Case No. 3:08cv508-MCR/EMT. In fact, the complaints (and other motions) filed by the plaintiffs in the two cases, and the procedural tactics by both plaintiffs, are almost identical. As Magistrate Judge Timothy found in addressing the arguments raised by Mr. Nelson, these "tax protestor" arguments have been consistently rejected by the Supreme Court and numerous other courts of appeals as frivolous. See Doc. 33 in Case No. 3:08cv508, *citing* Cheek v. United States, 498 U.S. 192, 195, 204 (1991) (noting arguments that the Sixteenth Amendment "does not authorize the imposition of an income tax on individuals[ ] and that the Sixteenth Amendment is unenforceable" have been characterized by the courts as frivolous or have been frequently rejected); Marino v. Brown, 357 F.3d 143, 147 (1st Cir. 2004) (sanctioning appellant for pursuing tax protestor arguments on appeal); United States v. Cooper, 170 F.3d

691, 691 (7th Cir. 1999) (noting that typical tax protestor arguments are "frivolous squared"); McKee v.United States, 781 F.2d 1043, 1047 (4th Cir. 1986) (stating that it is frivolous "to take a position which indicates a desire to impede the administration of tax laws"); Sauers v. Commissioner, 771 F.2d 64, 66 n.2 (3d Cir. 1985) (cataloging frivolous tax protestor arguments); May v. Commissioner, 752 F.3d 1301, 1306 n.5 (8th Cir. 1985) (describing frustration at having to address "well-worn general challenges to the Internal Revenue Code"); and Schiff v. Commissioner, 751 F.2d 116, 117 (2d Cir. 1984) (noting that federal courts have rejected the argument that tax laws are unconstitutional "countless times").

Likewise, Plaintiff's arguments over the plain meaning of the words "wages," "employee," and "business," are frivolous as well and do not warrant consideration. (See Doc. 33 in Case No. 3:08cv508 disposing of similar arguments).

    b)    <u>Lack of Jurisdiction</u>

Federal courts exercise jurisdiction over suits for the refund of federal taxes pursuant to 28 U.S.C. § 1346(a)(1), which, along with 26 U.S.C. § 7422(a), constitutes a waiver by the United States of its sovereign immunity. The burden of demonstrating that sovereign immunity has been waived falls on the party bringing suit against the sovereign. *See* Lundeen v. Mineta, 291 F.3d 300, 304 (5th Cir. 2002) (burden on plaintiff to show waiver of sovereign immunity); Cominotto v.United States, 802 F.2d 1127, 1129 (9th Cir. 1986) ("[w]aiver of immunity must be demonstrated by the party suing the United States"). The government's waiver of immunity is conditioned upon the taxpayer's compliance with certain jurisdictional prerequisites. *See* Rock Island v. United States, 254 U.S. 141, 143, 41 S.Ct. 55, 65 L. Ed. 188 (1920); Huff v. United States, 10 F.3d 1440 (9th Cir.1993); Goulding v. United States, 929 F.2d 329 (7th Cir. 1991); Gustin v. IRS, 876 F.2d 485 (5th Cir. 1989). Before a district court has subject matter

jurisdiction pursuant to § 1346(a)(1) over a tax refund claim (1) the taxpayer must have timely filed a valid refund claim with the IRS, which the IRS denied, or six months have passed since the claim was filed with no IRS response; and (2) the taxpayer must have fully paid the challenged tax assessment. *See* 26 U.S.C. §§ 6532(a)(1), 7422(a); and Flora v. United States, 357 U.S. 63, 75-76, 78 S. Ct. 1079, 2 L. Ed. 2d 1165 (1958) ("Flora I"), *aff'd on rehearing*, 362 U.S. 145, 80 S. Ct. 630, 4 L. Ed. 2d 623 (1960) ("Flora II").

The government contends that Plaintiff has not complied with the pre-requisites for suits concerning tax years 2005 and 2006 because he did not pay the full amount of the contested tax liability for these years as required. *See* Flora, *supra*. As proof of this, the transactional history of Plaintiff's tax account is attached to an affidavit that verifies, without explaining, what is represented in the history. Plaintiff claims that the history is inaccurate and has attached a letter from the IRS Disclosure Office that states that no assessments could be found for the tax years 2003 to 2007.

The government responded to Plaintiff's motion for summary judgment and explained in more detail what the transactional history shows, referred to as "literal transcripts." The government also represents that additional information showing the tax liability for years 2005 and 2006 was attached to the IRS Disclosure Office letter, but Plaintiff did not provide it, perhaps precisely because it would show that he did not make full payment on money he owed the IRS. Indeed, the letter refers to "nine pages of Form 23C documents which pertain to tax years 2005 and 2006." (Doc. 20, Exhibit A).

In light of the government's proof and Plaintiff's partial submission of proof on the issue, the Court finds that lack of jurisdiction as to tax refunds for years 2005 and 2006 is an additional ground for dismissal.

c) <u>Anti-Injunction Act</u>

The government argues that the injunctive relief sought by Plaintiff is also foreclosed by statute. The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." 26 U.S.C. §7421(a). Having found that Plaintiff has stated no claim for relief, it is unnecessary to decide whether the particular type of relief sought is available to him.

Accordingly, it is

**ORDERED AND ADJUDGED:**

The Motion for Reconsideration, Doc. 33, and the Motion to Recuse, Doc. 34, are denied.

The Defendant's Motion to Dismiss, Doc. 19, construed as a motion for summary judgment, is granted. This case is dismissed, and the Clerk is directed to close the file.

The Plaintiff's Motion for Summary Judgment, Doc. 24, is denied.

**DONE AND ORDERED** this  _2nd_  day of March, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge